**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

> **EXHIBIT**
> **B**
> _____

| | |
|---|---|
| **AARON B. GECK**,                        ) | |
|                              ) | |
|      *Plaintiff*,                ) | |
|                              ) | |
|           v.                 ) | Civil Action No. 1:14-cv-03448-CBS |
|                              ) | |
| **TAOS RESTAURANT GROUP**, et al.    ) | |
|                              ) | |
|      *Defendants*.            ) | |

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Aaron B. Geck, the plaintiff in this action, by and through her attorney Jason C. Kennedy of Chivalry LLC, on this 30th day of June, 2015, hereby submits this first set of requests for production collectively to Defendant Taos Restaurant Group, Defendant TRG Burgers of Colorado, LLC, Defendant Nathaniel R. Troy, and Defendant Michael Yaccino pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 34, the Defendants are requested to send their responses to these requests for production to the office of the Plaintiff's attorney within 33 days, which includes the three days provided for pursuant to Fed. R. Civ. P. 6(d). These requests for production are continuing. Information sought by these requests for production that you obtain after you serve your responses must be disclosed by supplementary answers.

All of these requests for production are common to all the Defendants. In answering these requests for production, the Defendants are requested to furnish all information, however obtained and including hearsay, known by, in possession of, or otherwise available to any Defendant.

If you cannot produce the documents requested in full after exercising due diligence under Fed. R. Civ. P. 26(g) and 34 to secure all the documents, so state and respond to the fullest extent possible, specifying your inability to produce the other documents, producing whatever documents you can, and detailing what you did in attempting to secure the unproduced documents.

If a request for production is objected to on the basis of an assertion of a privilege, identify the nature of the information withheld, explain the specific privilege claims, and state

the specific factual grounds for the applicability of the privilege to the responsive information. If any document or communication is claimed to be privileged, describe the document or communication to the fullest extent possible, without divulging information that is asserted to be privileged, in order to permit the Plaintiff to identify the document or communication, and completely state the grounds for the asserted privilege. If you object to any part of an interrogatory, you are requested to answer the remaining part of the interrogatory to the fullest extent the interrogatory is not objected to.

## DEFINITIONS

As used herein, the term "defendant" refers not only to the defendant then named but also refers to that defendant's partners, members, owners, investors, officers, directors, managers, representatives, agents, attorneys, employees, servants, subsidiaries and all other persons acting on its behalf.

As used herein, the term "defendants" refers to all defendants named in the operative complaint in this action and their partners, members, owners, investors, officers, directors, managers, representatives, agents, attorneys, employees, servants, subsidiaries and all other persons acting on their behalf.

As used herein, the term "person" means any individual natural born person, group of natural born persons, or entity.

As used herein, the term "entity" means any person other than an individual natural born person. Without limitation, the term "entity" includes any corporation, partnership, joint-venture, association, business, trade name, operating name, doing-business-as name, non-profit organization, for profit organization, trust, limited liability company, public entity, or other non-incorporated entity. The term "entity" does not merely refer to a juridical entities.

As used herein, the term "juridical entity" means an entity that is created or recognized by law and given certain legal rights and duties as a human being, for example and without limitation a corporation or a partnership.

As used herein, the terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1), including, without limitation, electronic or computerized data compilations, any and all written communications, reports, memoranda, records, schedules, papers, charts, notes, receipts, canceled checks, notebooks, diaries, forms, publications, drafts, lists, maps, drawings, diagrams, sketches, analyses, graphs, tape recordings and other electronic recordings, tangible things. A draft or non-identical copy is a separate document within the meaning of these terms.

As used herein, the term "corporate document" means a legal instrument governing the status or form of an entity, such as documents filed with a secretary of state (e.g. articles of incorporation, articles of organization, registered trade name, periodic reports, etc.), internal agreements (e.g. by-laws, operating agreements, partnership agreements, or joint venture agreements), and documents filed with a tax authority (e.g. Internal Revenue Service Form 8832 "Entity Classification Election").

As used herein, the term "communication" means the transmittal of information from one person to any other person regardless of form of the information and means of transmission.

As used herein, the term "personnel file" means all documents that were in fact maintained in a personnel file as well as all documents that in the normal course of human resources management would be maintained in a such file for reference regarding a given employee, including without limitation employment application, signed acknowledgements, applicable personnel policies, contracts, forms, memoranda to file, communications of management regarding the employment, performance appraisals, payroll records, documents reflecting terms of compensation or benefits, or documents reflecting any changes in compensation or benefits.

## REQUESTS FOR PRODUCTION

**Request for Production 1**: Please produce all corporate documents governing the Taos Restaurant Group, TRG Burgers of Colorado, LLC, or TRG, LLC.

**Request for Production 2**: Please produce all documentary communications between any of the Defendants or TRG, LLC that regards the nature of the corporate form of the Taos Restaurant Group.

**Request for Production 3**: Please produce all documentary communications between the Defendants that regards either the corporate or financial relationship between the Taos Restaurant Group, TRG Burgers of Colorado, LLC, or TRG, LLC.

**Request for Production 4**: Please produce all documents showing the provision of money or credit to the Defendants' restaurant businesses other than sales earned in the course of the restaurants' daily operations since the initial conceptualization of the 5 Star Burgers restaurants.

**Request for Production 5**: Please produce all documents showing the transfer of money to any of the Defendants from any of the Defendants' restaurant businesses since the initial conceptualization of the 5 Star Burgers restaurants.

**Request for Production 6**: Please produce all documents showing the budget of TRG Burgers of Colorado, LLC and the budget of the Taos Restaurant Group for each month and for each year since the initial conceptualization of the 5 Star Burgers restaurants.

**Request for Production 7**: Please produce profit and loss statements for both TRG Burgers of Colorado, LLC and the Taos Restaurant Group for since the initial conceptualization of the 5 Star Burgers restaurants.

**Request for Production 8**: Please produce all contracts or leases entered into by any of the Defendants regarding 5 Star Burgers and regarding obligations or benefits that were worth $5,000.00 or more at the time the contract was entered into.

**Request for Production 9**: Please produce all of the Defendants' personnel policies in effect anytime from January 1, 2010 through the present including without limitation employee discipline policies, internal complaint procedures, and equal employment opportunity policies.

**Request for Production 10**: Please produce all documentary communications between the Defendants that substantively regards Plaintiff Aaron B. Geck.

**Request for Production 11**: Please produce the Defendants' complete personnel file of Plaintiff Aaron B. Geck.

**Request for Production 12**: Please produce all documents regarding the cessation of Plaintiff Aaron B. Geck's employment as the General Manager of 5 Star Burgers on Broadway, including without limitation documents regarding the reasons for the cessation and documents reviewed by the Defendants when contemplating the cessation.

**Request for Production 13**: Please produce all documents regarding Defendant Michael Yaccino's or Jeremy Montano's work performing the duties of a General Manager of a 5 Star Burgers restaurant, including without limitation time records.

**Request for Production 14**: Please produce all documents regarding the cessation of Shawna West's employment, including without limitation documents regarding the reasons for the cessation, documents reviewed by the Defendants when contemplating the cessation.

**Request for Production 15**: Please produce all documents regarding the cessation of Regina Leis' employment, including without limitation documents regarding the reasons for the cessation and documents reviewed by the Defendants when contemplating the cessation.

**Request for Production 16**: Please produce the Defendants' complete personnel files of Christopher Hansen.

**Request for Production 17**: Please produce all documents regarding Christopher Hansen's conduct towards Plaintiff Aaron B. Geck on or after January 1, 2013, including without limitation any investigations, any discipline, or contemplation of discipline regarding that conduct.

**Request for Production 18**: Please produce all documents regarding any complaint made by the Plaintiff at any time during her employment with the Defendants, including without limitation investigations of the Plaintiff's complaints and action taken by the Defendants upon the Plaintiff's complaints.

**Request for Production 19**: Please produce all documents regarding the Defendants' managerial meetings on or after January 1, 2013, including without limitation notifications of the meetings and notes or minutes from the meetings.

**Request for Production 20**: Please produce the all documents that the Defendants disclose under the Federal Rules of Civil Procedure.

Thank you.

Very truly yours,

*/s/ Jason C. Kennedy* 06/30/2015

Jason C. Kennedy, Esq. Date

**CHIVALRY LLC**

1302 Williams Street, Suite 2

Denver, CO 80218

Telephone: (303) 596-2061

Fax: Not Applicable

Email: kennedy@chivalryllc.net

*Attorney for Plaintiff Aaron B. Geck*

## CERTIFICATE OF SERVICE

   I, Jason C. Kennedy, certify under Rule 5(d) of the Federal Rules of Civil Procedure that the forgoing Plaintiff's First Set of Requests for Production of Documents is being served in compliance with Rule 5(b) and of the Federal Rules of Civil Procedure on this 30th day of June, 2015, upon Elizabeth Kiovsky, counsel for the Defendants, via beth@kdemploymentlaw.com.

Very respectfully,

*/s/ Jason C. Kennedy* 06/30/2015

Jason C. Kennedy, Esq. Date

**CHIVALRY LLC**

1302 Williams Street, Suite 2

Denver, CO 80218

Telephone: (303) 596-2061

Fax: Not Applicable

Email: kennedy@chivalryllc.net

*Attorney for Plaintiff Aaron B. Geck*